# REPORTS OF CASES ADJUDGED

## IN THE

# SUPREME COURT OF PORTO RICO.

### AGUILAR *v.* VAZQUEZ.

## APPEAL from the District Court of Humacao.

### No. 45.—Decided March 15, 1904.

LEGACIES.—Legacies subject to the performance of a condition are not recoverable until the condition imposed by the testator is fulfilled.

ID.—AGE OF MAJORITY.—The right to recover a legacy of a sum of money, payable when the legatee becomes of age, does not depend upon the circumstance of the minor or legatee arriving at a certain age, but on the day when such minor is capable of performing all the acts of civil life; and, therefore, although the period when one attains his majority is fixed by legislation subsequent to the execution of the will, at an earlier age than that required on the date of such execution, it shall nevertheless be understood that the condition of the testator is fulfilled as soon as the legatee attains his majority in accordance with the subsequent legislation.

RETROACTIVE EFFECT OF LAWS.—No retroactive effect is given to a law when the right claimed thereunder originated in acts occurring subsequently to the day when it went into effect.

COUNTER-CLAIM.—A counter-claim which fails to specify the exact amount claimed therein contains a legal defect in the manner of presenting the same, and should not prevail.

TAXES—UNLISTED CREDITS.—Credits not declared for purposes of taxation cannot be collected in an action at law or a suit in the courts until the same are declared and the proper taxes are paid.

COSTS.—When both parties have not lost their case on all points, the court should dispose of the matter of costs in accordance with equity..

### STATEMENT OF THE CASE.

A hearing was had of the suit prosecuted in the District Court of Humacao by Ruperta Concepción Aguilar, of legal

Aguilar, mayor de edad, casada, vecina de Guayama, asistida y con licencia de su esposo, D. Antonio Moret, dirigida y representada en esta Superioridad por el Letrado D. Juan Guzmán Benítez, y, de la otra, D. Edgardo Vazquez y Aguilar, propietario, vecino de Guayama, á quien representa y dirige el Licenciado D. Jacinto Texidor, sobre entrega de un legado de cantidad de pesos y devolución de un depósito: autos pendientes ante *nos* en virtud de recurso de casación, hoy de apelación, interpuesto por Doña Ruperta Concepción Aguilar, contra la sentencia pronunciada, que copiada á la letra dice así:

"*Sentencia.*—En la ciudad de Humacao á los quince días del mes de Marzo de mil novecientos dos. *Vistos* en juicio oral y público la causa digo estos autos civiles seguidos entre partes, de la una el Letrado D. Juan F. Vías Ochoteco en representación de Doña Ruperta Concepción Aguilar, mayor de edad, casada y vecina de Guayama asistida y con licencia de su esposo D. Antonio Moret, demandante, y de la otra D. Edgardo Vázquez Aguilar, propietario, mayor de edad, vécino de Guayama, demandado, sobre entrega de un legado de metálico, devolución de un depósito de dinero, y abono de intereses legales, con solvendo de costas, representado por el Letrado D. Rafael López Landrón.

1. *Resultando*: que el demandante formalizó su reclamación interesando que se condene al demandado: 1, Á la inmediata entrega á Doña Ruperta Concepción Aguilar de la suma de ocho mil pesos, moneda mejicana, ó su equivalente en la hoy circulante, importe del legado que á su hijo Vicente, en su testamento hiciera D. Rafael Vazquez; 2, Á satisfacer también á la actora la suma de seiscientos pesos de aquella moneda, ó su equivalente en moneda americana, por el depósito constituído en poder de su causante, del supradicho Sr. Vazquez; 3, A pagar también los intereses de las precitadas sumas al tipo legal, desde la fecha de la interposición de la demanda; y 4, Al pago de todas las costas.

2. *Resultando*: que estas peticiones se fundaron en los siguientes hechos, alegados en la demanda: 1, que al fallecimiento de D. Rafael Vazquez y Vazquez, vecino que fué de Guayama, ocurrido en el año 1890, bajo disposición testamentaria que otorgara ante el Notario D. José Mariano Capó, sucedióle como heredero universal instituido, su

age, married and a resident of Guayama, with the consent of her husband, Antonio Moret, and represented in this Supreme Court by Attorney Juan de Guzmán Benítez, against Edgardo Vázquez y Aguilar, property-owner, a resident of Guayama, who is represented by Attorney Jacinto Texidor, in the matter of the delivery of a money legacy and restitution of a deposit, which case is pending before us on appeal in cassation, now ordinary appeal, taken by Ruperta Concepción Aguilar from the judgment delivered, which reads as follows:

"Judgment.—In the city of Humacao, March 15, 1902. An oral and public hearing was had of the civil suit prosecuted by Attorney Juan Vías Ochoteco, on behalf of Ruperta Concepción Aguilar, of legal age, married, and a resident of Guayama, with the consent of her husband, Antonio Moret, plaintiff, against Edgardo Vázquez Aguilar, property-owner, of legal age, and a resident of Guayama, defendant, for the delivery of a money legacy, restitution of a cash deposit, payment of legal interest and costs, the latter party being represented by Attorney Rafael López Landrón.

"The defendant filed his complaint praying that judgment be rendered adjudging defendant: 1. To deliver immediately to plaintiff the sum of eight thousand *pesos,* Mexican coin, or its equivalent in the money now in circulation, being the amount of the legacy made to her son, Vicente, by Rafael Vázquez in his will; 2. To pay the plaintiff the sum of six hundred *pesos* of aforesaid money, or its equivalent in United States currency, which had been deposited with the above-mentioned Rafael Vázquez, of whom the defendant was heir; 3. To pay the interest on the aforesaid sums at the legal rate, from the date the action was commenced; 4. To pay all the costs.

"The above demands were based on the following facts alleged in the complaint: 1. That upon the death of Rafael Vázquez y Vázquez, late resident of Guayama, which occurred in the year 1890, by a will executed before José Mariano Capó, his legitimate son Edgardo was instituted universal heir to his estate, he accepting the inherit-

legítimo hijo D. Edgardo, quien aceptó puramente la herencia; 2, que en ese testamento se constituyó, entre otros, un legado á favor del menor impúber Vicente, hijo de la reclamante, en estos términos ''lego ·otros ocho mil pesos al menor impúber Vicente, hijo de la mencionada Ruperta Concepción, y al cual no se le entregará esa suma hasta que cumpla su mayor edad debiendo mientras tanto mi heredero entregar al tutor de ese menor, una renta de veinte y cinco pesos en moneda corriente, todos los meses, para que con ella atienda el tutor á los alimentos é instrucción primaria, del Vicente, quien dispondrá, el referido tutor, que cuando cumpla de trece á catorce años vaya á Europa ó á los Estados Unidos á estudiar un oficio ú otra profesión mecánica, entregando entonces mi heredero, como renta de aquél capital cincuenta pesos de moneda corriente que recibirá el tutor mensualmente para que con ella cuide éste de los gastos de su pupilo en aquellos países, siempre que permanezca en ellos con aprovechamiento y buena conducta á juicio de su tutor, pues en otro caso así como cuando regrese á Puerto Rico, solamente tendrá derecho á recibir como renta los anteriores veinte y cinco pesos mensuales, en la inteligencia de que, si Vicente falleciese antes de cumplir su mayor edad, este legado pasará á sus herederos, sin que tenga mi heredero más obligación que la que tendría para con el Vicente viviendo éste y residiendo en Puerto Rico, ó sea que no estará obligado á entregar los ocho mil pesos á los herederos del legatario hasta la época en que este hubiere de cumplir su mayor edad, y que sólo les deberá mientras tanto la renta de veinte y cinco pesos mensuales''. 3, Que fallecido el legatario Vicente Aguilar en 1 de Septiembre de 1897, fué declarada heredera única abintestato suya por auto de 30 de Noviembre del mismo año del extinguido Juzgado de Primera Instancia de Guayama su madre natural la demandante Doña Concepción Aguilar; 4, que según la partida bautismal el joven Vicente Emilio Aguilar, legatario, nació el 5 de Abril de 1880,debiendo por tanto contar en la actualidad, si no hubiera fallecido la edad de veinte y un años y medio; 5, que por otra parte Doña Ruperta Concepción Aguilar había depositado en poder de Don Rafael Vazquez con fecha 16 de Junio de 1883 la suma de seiscientos pesos, moneda corriente en aquella fecha, sin que hasta hoy le haya sido devuelta esa cantidad ni por Don Rafael Vazquez, ni por su heredero Don Edgardo; y 6, que según la O. G., número 299, del Gobierno Militar, absoluto y supremo que rigió los destinos de la Isla, la mayoridad, á partir de la fecha de dicha orden, esto es desde el 18 de Diciembre

ance without benefit of inventory; 2. That in said will and testament, a legacy, among others, was constituted in favor of the infant, Vicente, a child of the plaintiff, in the following terms: 'I also bequeath eight thousand *pesos* to the infant Vicente, son of the aforesaid Ruperta Concepción, which sum shall not be delivered to him until he has attained his majority, my heir meanwhile being charged with the duty of delivering to the guardian of said minor an income of twenty-five *pesos*, currency, every month, in order that said guardian may attend to the subsistence and primary education of said Vicente, who, upon reaching his thirteenth to fourteenth year, shall be sent by said guardian to Europe or the United States for the purpose of learning a trade or other mechanical profession, whereupon my heir shall pay, as income of aforesaid capital, fifty *pesos* currency, deliverable every month to said guardian, who shall therewith provide for the expenses of his ward in those countries, should he remain there and, in the opinion of his guardian, to his profit and observe good conduct; otherwise, as also when he returns to Porto Rico, he shall be entitled to receive only the previous allowance of twenty-five *pesos* monthly; it being understood that in the event of Vicente's death before reaching his majority, this legacy shall pass to his heirs, without my heir assuming greater obligation than he would have were Vicente living and residing in Porto Rico; in other words, he would not be obliged to deliver the eight thousand *pesos* to the heirs of the legatee until the time when the latter would have reached his majority, his indebtedness to them, in the meantime, to be only for the monthly income of twenty-five *pesos*'; 3. That the legatee, Vicente Aguilar, having died on September 1, 1897, his natural mother, Concepción Aguilar, the plaintiff herein, was declared his sole intestate heir, by an order made November 30, of the same year, by the former court of first instance of Guayama; 4. That according to the certificate of baptism, the legatee, young Vicente Emilio Aguilar, was born April 5, 1880, and, therefore, had he not died, would be to-day twenty-one and a half years old; 5. That on the other hand, Ruperta Concepción Aguilar had deposited with Rafael Vázquez, under date of June 16, 1883, the sum of six hundred *pesos*, of the money then in circulation, which deposit, thus far, has never been returned to her, either by Rafael Vázquez or his heir Edgardo; and that according to General Order No. 219 of the Military Government, which was then the absolute and supreme authority of the Island, a person was of age at twenty-one years, after

de 1899, empieza á los 21 años cumplidos, haciéndose inútil toda
gestión, sin embargo de haberla hecho el interesado para el logro
del abono de ese legado, habiéndose intentado sin efecto el acto con-
ciliatorio.

3. *Resultando*: que en apoyo de la demanda aduce la parte
actora la disposición primera transitoria del vigente Código Civil,
según la que en su concepto se deriva la necesidad de invocar por lo
que respecta al depósito reclamado la legislación anterior al Código,
y los preceptos de este cuerpo legal por lo que atañe al legado que
es en deberle Don Edgardo Vazquez: los Artículos 659, 661, 668,
párrafo primero 773, 885, 858 y 859 del Código Civil, concerniente
á la herencia y á los legados; así como también los preceptos gene-
rales 1100, 1101, 1108 y 1125 del Código Civil, relativos á la mora,
la indemnización de daños y perjuicios, los intereses legales y venci-
miento de las obligaciones á día cierto; la citada O. G., número 219
de 18 de Diciembre de 1899, según la cual la mayor edad empieza
á los 21 años cumplidos; la doctrina de la Ley 1, Título 3, part 5,
sobre depósito en general; la de la ley 2 del mismo título y partida,
que trata del depósito irregular ó de cosas fungibles entregadas por
peso, número ó medida, la ley 10a del Título 16, partida 6a, sobre
universalidad de los derechos activos y pasivos de la herencia; la ley
18 del mismo título y partida y sentencias de 6 de Noviembre de
1858 y 17 de Junio de 1872, relativas á la aceptación expresa ó tácita
de la herencia; y por último la ley 8a, Título 22 de la partida 3a,
impone las costas al litigante temerario.

4. *Resultando*: que conferido traslado al demandado Don Ed-
gardo Vazquez Aguilar contestó en tiempo alegando la excepción de
falta de acción en el actor y la reconvención, porte de pagos suplidos,
y suplicando para definitivas se declarase sin lugar la demanda y
con lugar su reconvención, condenando en su·virtud á Doña Ruperta
Concepción Aguilar á indemnizar al heredero Don Edgardo, todos
los suplementos y gastos que durante el litigio justifique haber veri-
ficado en provecho de la demandante tanto por derecho reales, multas
y honorarios de anotación de los legados cuanto por cualquiera otro
concepto, con más las costas del litigio.

5. *Resultando*: que al aducir sus hechos la parte demandada
tiene por ciertos los alegados en la demanda, añadiendo que el de-
pósito de 16 de Junio 1883 por la suma de 600 pesos mejicanos no se
verificó bajo precauciones de identidad, cierre y lacre por ejemplo,
sino como préstamo sin interés remunerado con grandes liberalidades

the date of said order, namely, December 18, 1899, despite which all efforts on the part of the person concerned to recover said legacy had failed, as had also been the case with the proceedings to avoid litigation.

''In support of her claim, plaintiff alleged the first temporary provision of the Civil Code in force, whence, she held, was derived the necessity of invoking the legislation prior to the Code, with respect to the deposit claimed, and the provisions of said Code, as regards the legacy due her by Edgardo Vázquez; articles 659, 661, paragraph 1 of 668, 773, 885, 858 and 859 of the Civil Code, referring to inheritance and legacies; as also general provisions 1100, 1101, 1108 and 1125 of the Civil Code, relating to defaults; indemnity for losses and damages, legal interest and obligations the fulfillment of which has been fixed for a day certain; the aforesaid General Order No. 219, series of December 18, 1899, according to which a person is of age at twenty-one years; the doctrine of law 1, title 3, *partida* 5, upon deposits in general; that of law 2, of the same title and *partida*, with reference to irregular deposits or the deposit of consumable property delivered by weight, number or measure; law 10, title 16, *partida* 6, upon the universality of rights and obligations attached to an inheritance; law 18, of the same title and *partida*, and judgments of November 6, 1858, and June 17, 1872, relating to the acceptance of the inheritance, whether express or implied; and finally law 8, title 22, *partida* 3, which imposes the costs upon the persistent litigant.

''Notice of the complaint was served upon Edgardo Vázquez Aguilar, who in answer thereto, pleaded the exception of lack of cause of action on the part of the plaintiff and filed a counter-claim for amount of payments made, praying that by final judgment the complaint be dismissed and his counter-claim admitted, and that Ruperta Concepción Aguilar be adjudged to indemnify the heir Edgardo for all supplies and expenses by him shown to have been incurred during the pendency of the suit, for the benefit of the plaintiff, by reason of dues, fines and fees for the entry of the legacies, as also for any other purposes, in addition to the costs of the suit.

''The defendant, in adducing his facts, admitted as true the allegations of the complaint, adding that the deposit of June 16, 1883, for the sum of six hundred *pesos,* Mexican money, was not made under precautions for identification—closed and sealed, for example—but as a loan without interest, which was very generously compen-

por el testador en su último *elogio*; y que Don Edgardo Vazquez Aguilar interponiendo sus buenos oficios pecuniarios en favor del menor Vicente Emilio Aguilar y de su madre y heredera Doña Ruperta Concepción Aguilar, satisfizo por una y por otra suplementos de derechos reales, de multas y de honorarios de inscripciones para llevar á cabo la anotación preventiva de los legados sobre la masa hereditaria.

6. *Resultando*: que en virtud de tales hechos planteó contienda el demandado, sobre derecho, para decidir la mayor edad aplicable al menor legatario Don Vicente Emilio Aguilar, y también sobre hecho y derecho á un mismo tiempo para restitución de cantidades suplidas y prescripción de las acciones del préstamo calificado con denominación equivocada de depósito; en cuyos conceptos adujo que según el Artículo 30 del Código Civil, no modificado, la O. G. de 18 de Diciembre de 1899 que fijó en los 21 años la mayoridad, no tiene efecto retroactivo, y no puede por ello afectar contratos ni estados de derechos nacidos al amparo de la legislación anterior, con perjuicio de tercero, por lo cual el legado reclamado no se halla vencido según los incisos 2 y 1 del Artículo 1125 del Código Civil; la doctrina de los cuasi-contratos, que define el Artículo 1887 del mismo Código; la obligación de indemnizar los suplementos de derechos reales, multas, gastos de inscripción hechos por el demandado por cuenta y conveniencia exclusiva del legatario, en observancia del Artículo 1893 del mismo Código; y la sentencia suprema española de 8 de Junio de 1875, que admite reconvención ó mútua petición por virtud de hechos nuevos contrapuestos á los de la demanda.


7. *Resultando*: que conferido traslado de la reconvención á la parte actora, la impugnó por defecto en el modo de proponerla porque en ella no se determina la cuantía exacta de lo que se reclama, si bien Don Edgardo Vazquez satisfizo los derechos reales liquidos, porque tal era su deber según el testamento incurriendo además en una multa por su morosidad; y apoyado en los Artículos 523 y 532 de la Ley de Enjuiciamiento Civil, y en el Artículo 1200 y 1168 del Código Civil y 46 y 50 de la Ley Hipotecaria interesó que se declarase sin lugar la reconvención.

8. *Resultando*: que en el acta de la comparecencia sobre pruebas propuso el actor las siguientes: 1, la agregación de la partida bautismal que acompañó del legatario Vicente Emilio, nacido el 5 de Abril de 1880; 2, la declaratoria de heredero de dicho Vicente Emilio

sated by the testator in his last will; and Edgardo Vázquez Aguilar, with his good offices, had rendered pecuniary assistance both to the minor, Vicente Emilio Aguilar, and to his mother and heir, Ruperta Concepción Aguilar, for whose account he had advanced money for the payment of dues, fines and fees, in connection with the records for the purpose of carrying out the cautionary notice of the legacies affecting the estate.

"On the strength of the above-mentioned facts, defendant raised the question of law, as to what legal provision should be applied, in the case of the infant legatee, Vicente Emilio Aguilar, to determine his majority, and also the issue both of fact and of law, for the recovery of the sums advanced and prescription of actions as regarded the loan, erroneously designated as a deposit. He accordingly claimed that pursuant to article 3 of the Civil Code, not modified, General Order of December 18, 1899, which fixed the majority of a person at twenty-one years, had no retroactive effect, and could not, for this reason, affect contracts or rights acquired under previous legislative action, to the prejudice of a third party, for which reason the legacy claimed is not yet due, according to paragraphs 1 and 2 of article 1125 of the Civil Code; the doctrine of *quasi contracts,* as defined by article 1887 of the same Code; the obligation to indemnify for dues, fines and expenses of entry incurred and advanced by defendant for account of the legatee, and exclusively for his convenience, in compliance with article 1893 of aforesaid Code; and the judgment of the Supreme Court of Spain, of June 8, 1875, admitting counterclaims or mutual demands, by reason of new facts set up against those of the complaint.

"Notice of the counter-claim having been served upon plaintiff it was contested on the ground of a defect in the manner of its presentation, inasmuch as it failed to determine the exact amount claimed, although Edgardo Vázquez had paid the liquidated dues, as was his duty, according to the terms of the will, he having further incurred a fine for delay; and citing in support of her claim articles 523 and 532 of the Law of Civil Procedure, articles 1168 and 1200 of the Civil Code, and 46 and 50 of the Mortgage Law, she prayed that the counter-claim be dismissed.

"At the proceedings for the taking of evidence the plaintiff submitted the following: 1. Certificate of baptism of the legatee, Vicente Emilio, born April 5, 1880; 2. Declaration as heir made in favor of said Vicente Emilio, now in favor of the plaintiff, Ruperta

recaida en favor de la demandante Doña Ruperta Concepción Aguilar; 3, la protocolización del testamento de Don Rafael Vazquez y Vazquez otorgado el día 4 de Junio de 1890; 4, el documento privado original de 16 de Junio de 1883 por el que Don Rafael Vazquez declaró tener en su poder á disposición de Ruperta Vazquez Aguilar en concepto de depósito 600 pesos mejicanos; y 5, prueba pericial de cotejo de letras del susodicho documento privado por peritos calígrafos caso de negarse su autenticidad, debiendo cotejarse también con sus matrices los documentos públicos de la parte actora si fuesen impugnados.

9. *Resultando*: que el demandado propuso la siguiente prueba: 1, posiciones en pliegos cerrados y bajo juramento indecisorio para Doña Ruperta Concepción Aguilar; 2, declaración testificial de su marido Don Antonio Moret; 3, copia literal de la planilla de contribución presentada al Tesoro Insular á nombre de la demandante según lo provenido en el Bill Hollander; 4, declaración del testigo Don Genaro Cautiño, comerciante, vecino de Guayama; y 5, la de Don Juan Francisco Rivera, propietario de la misma vecindad.

10. *Resultando*: que en el acto del juicio oral que tuvo lugar el día 24 de Febrero del corriente año, el letrado defensor de la parte demandada dió por legítima la firma de Don Rafael Vazquez en el tengo de 600 pesos mejicanos; la demandante Doña Ruperta Concepción Aguilar afirmó ser cierto que nunca había reclamado á Don Edgardo Vazquez ni á su finado padre Don Rafael los 600 pesos que dice se le adeudaban; fué renunciada la declaración de Don Antonio Moret; Don Genaro Cautiño Vazquez declaró ser mayor de edad, casado, comerciante, pariente del demandado, haber sido tutor de Don Vicente Emilio, no tiene interés en el pleito ni amistad intima con las partes, tiene en arriendo la hacienda del Señor Vazquez por cuenta de éste pagaba las rentas del legado, es sócio de sucesores de Tomás Cano y Compañía, arrendatarios de la hacienda de Vazquez, la anotación hecha de los legados las satisfizo Don Edgardo Vazquez con dinero que tomó en la casa del declarante, porque la interesada no la tenía aunque deseaba verificar el pago, anotó en la cuenta de Don Edgardo lo dado á éste, le consta que los gastos en cuanto al legado del menor los satisfizo Don Edgardo y en cuanto á los del otro legado le manifestó el Señor Vazquez que también los había satisfecho él, sabe que la Concepción tenía un pagaré y le propuso á Don Edgardo que con su importe pagara dichos gastos porque ella carecía de dinero, no puede precisar de una manera positiva las cantidades que ha

Concepción Aguilar; 3. Registered copy of the will of Rafael Vázquez y Vázquez, executed June 4, 1890; 4. Original private document of June 16, 1883, wherein Rafael Vázquez declared that he had in his possession at the disposal of Ruperta Vázquez Aguilar, on deposit, six hundred *pesos,* Mexican currency; and 5. Comparison of the handwriting of the aforesaid private document by expert caligraphers, in case its identity should be denied, the public documents presented by the plaintiff to be also compared with their originals, if controverted.

''The defendant offered the following evidence: 1. Interrogatories in sealed envelope to be answered under indecisive oath by Ruperta Concepción Aguilar; 2. Testimony of her husband, Antonio Moret; 3. A literal copy of the assessment schedule presented to the Insular Treasury on behalf of the plaintiff, as provided by the Hollander Act; 4. The testimony of the witness Genaro Cautiño, a merchant and resident of Guayama; and 5. Testimony of Juan Francisco Rivera, property-owner, also a resident of Guayama.

''At the verbal hearing which took place February 24, 1902, counsel for defendant admitted the genuineness of the signature of Rafael Vázquez, attached to the document acknowledging the receipt on deposit of six hundred *pesos,* Mexican currency; the plaintiff, Ruperta Concepción Aguilar, admitted that she had never demanded of Edgardo Vázquez or of his deceased father, Don Rafael, the six hundred *pesos* she claims as due her; the testimony of Antonio Moret was waived; Genaro Cautiño Vázquez testified that he was of age, married, a merchant, a relative of the defendant, had been guardian to Vicente Emilio, had no interest in the case, was not on intimate terms with either of the parties; that he was lessee of the *hacienda* of Vázquez, for whose account he paid the incomes of the legacy; was a partner of Successors of Tomás Cano & Co., lessee of the *hacienda* of Vázquez; that the cautionary notice of the legacies in the Registry of Property was paid for by Edgardo Vázquez with money taken at the witness's business firm, the party interested not having any, although willing to pay; the money given to Vázquez was charged to his account; he knew that the expenses, so far as the legacy of the minor was concerned, had been paid by Edgardo, and as to the other legacy, Vázquez had told him that he had also paid them; he knew that Concepción held a promissory note and had proposed to Edgardo that out of the amount of the same the expenses should be paid, as she

satisfecho Don Edgardo Vazquez por derechos reales, por anotación y otros conceptos aunque si puede asegurar que Don Edgardo satisfizo los gastos de anotación y los derechos reales del legado del menor Don Vicente; y renunciada la declaración del testigo Don Juan Rivera habiendo informado los letrados defensores se dió por terminado el acto.

11. *Resultando*: que señalado el día 11 de Marzo para la votación de la sentencia con citación de las partes en los Estrados de Humacao recayó por unanimidad sentencia declarando sin lugar la demanda y reconvención y sin especial condenación de costas.

12. *Resultando*: que en la tramitación de este pleito se han guardado las formas procesales y no se ha consignado protesta alguna de nulidad; siendo Ponente el Juez Asociado Don Ulpiano Valdéz Cajas.

1. *Considerando*: que la Orden General invocada número 219 de 18 de Diciembre de 1899, no concede expresamente efecto retroactivo á la nueva mayoridad que consigna de los 21 años cumplidos.

2. *Considerando*: que el Artículo 30 del Código Civil vigente solo otorga efecto retroactivo á las leyes civiles cuando ellas mismas de una manera expresa lo previenen.

3. *Considerando*: que instituido el legado y aceptado el gravamen por el heredero bajo el régimen del Código Civil sería evidentemente dar efecto retroactivo á la citada Orden General de 1899 después de haberse regido el vencimiento del legado ó el legado mismo durante muchos años, por el Código Civil si hubiese de regularse ahora por otra ley distinta.

4. *Considerando*: que ni el testador al instituir el legado ni el heredero al aceptar la herencia pudieron tener en cuenta otra mayoridad conocida que la sancionada por entonces en el Código Civil, ó sea, los 23 años cumplidos.

5. *Considerando*: que según el criterio de transición de la disposición primera final del Código Civil, no modificada, é invocada por la parte demandante, la institución del legado debe regirse por el Código Civil como hecho y derecho nacido bajo su régimen.

6. *Considerando*: que los legados como las obligaciones á plazos, no son exigibles antes de su vencimiento.

7. *Considerando*: que la reconvención alegada adolece de defecto legal en el modo de proponerla por falta de precisión de su cuantía por lo cual no puede ser objeto de liquidación en trámites de cum-

had no money; he could not state positively the sums paid by Edgardo Vázquez for dues and entry at the Registry and for other purposes, although he was sure that he had paid the expenses of the cautionary notice and fiscal dues appertaining to the legacy of the minor Vicente. The testimony of Juan Rivera having been waived, counsel for both parties presented their arguments, after which the proceedings for the taking of evidence were closed.

"March 11 having been set for voting upon the judgment, with citation of the parties in the Humacao court, said judgment was unanimously rendered, dismissing the complaint and counter-claim, without special imposition of costs.

"In the conduct of this case the rules of procedure have been observed, no objection of nullity having been entered.

"Judge Ulpiano Valdés Cajes prepared the opinion of the court.

"General Order No. 219, series of 1899, cited herein, does not expressly assign a retroactive effect to the new age of majority, fixed at twenty-one years.

"Article 30 of the Civil Code in force ascribes no retroactive effect to civil laws, unless otherwise expressly prescribed therein.

"The legacy having been made and the encumbrance accepted by the heir under the rule of the Civil Code, it would evidently be assigning a retroactive effect to aforesaid General Order of 1899, were the maturity of the legacy and the legacy itself to be now subjected to a different law, after having been governed for many years by the provisions of the Civil Code.

"Neither the testator, while instituting the legacy, nor the heir, while accepting the inheritance, could have had in mind any known majority other than the one at the time sanctioned by the Civil Code, namely, twenty-three years.

"According to paragraph 1 of the temporary provisions of the Civil Code, not amended, which has been invoked by the plaintiff, the institution of the legacy should be governed by the Civil Code as a fact and a right originating thereunder.

"Legacies, like obligations the fulfillment of which has been fixed for a day certain, cannot be demanded before the proper time.

"The counter-claim filed contains a legal defect in the manner of its presentation, since it lacks precision as to the amount, and therefore cannot be the subject of liquidation in proceedings for the

plimiento de sentencia por lo que procede, aún cuando declararse sin lugar reservar á la parte que la alegó sus derechos para que pueda cobrar de la demandante la cantidad desembolsada por el demandado.

8. *Considerando*: que de la certificación expedida por el Tesorero de Puerto Rico, respecto á bienes declarados por Doña Concepción Aguilar, no aparece que dicha señora declaró á su favor el crédito de 600 pesos mejicanos que reclama para los efectos de la contribución, por lo que no puede ser cobrado por acción legal ó pleito ante ninguna de las Cortes de la Isla, sino hasta después de haber sido declarado y pagadas las contribuciones correspondientes al mismo á tenor de lo prescrito en la Sección 18 de la Ley para Proveer de Rentas al Pueblo de Puerto Rico y para otros fines.

9. *Considerando*: que habiéndose desestimado las pretensiones de ambas partes litigantes no procede hacer especial condenación de costas.

*Vistas* las disposiciones legales ya citadas por las partes y además la Ley para Proveer de Rentas al Pueblo de Puerto Rico y para otros fines.

*Fallamos*: que debemos declarar y declaramos sin lugar la demanda interpuesta por Doña Ruperta Concepción Aguilar, si bien reservando á ésta sus derechos para el cobro de los 600 pesos mejicanos tan pronto declare dicho crédito y pague las contribuciones correspondientes al mismo, y sin lugar también la reconvención, reservando también á Don Edgardo Vazquez sus derechos para que pueda cobrar de la Señora Aguilar, la cantidad objeto de la reconvención sin especial condenación de costas. Así por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos: Salvador Fulladosa, J. M. Kearney, Ulpiano Valdés.''

*Resultando*: que contra la expresada sentencia interpuso Doña Ruperta Concepción Aguilar recurso de casación por infracción de ley, y elevados los autos á esta Corte Suprema, se sustanció el recurso como de apelación, cumpliendo con lo dispuesto en la Ley de la Asamblea Legislativa de doce de Marzo del año anterior.

*Resultando*: que evacuado el trámite de instrucción se señaló día para la vista y en dicho acto los letrados que á las partes representan y dirigen, alegaron cuanto creyeron conveniente á los derechos de sus representados.

execution of a judgment; but even when it is declared not to lie, the party alleging the same should be reserved his rights, so that he may recover from the plaintiff the amount of his disbursements.

"From the certificate issued by the Treasurer of Porto Rico with reference to the property declared by Concepción Aguilar, it does not appear that she reported in her favor the credit of six hundred *pesos,* Mexican money, claimed by her, for the purposes of assessment, for which reason it is not recoverable by action at law or suit before any court or courts of the Island, until it has been properly declared and the taxes thereon paid, according to the terms of section 18 of 'An act to provide revenues for the People of Porto Rico, and for other purposes.'

"The claims of both parties having been disallowed, no special imposition of costs need be made.

"In view of the legal provisions cited by both parties, and, furthermore, 'An act to provide revenues for the People of Porto Rico, and for other purposes,' we adjudge that we should declare and do declare, that the action brought by Ruperta Concepción Aguilar does not lie, although reserving to the plaintiff her right to recover the six hundred *pesos,* Mexican currency, as soon as she shall have reported said credit and paid the taxes thereon. The counter-claim filed by Edgardo Vázquez is likewise dismissed, he being also reserved his right to recover from Mrs. Aguilar the amount of said counter-claim, without special imposition of costs.

"Thus by our judgment do we pronounce, order and sign. Salvador Fulladosa, J. M. Kearney, Ulpiano Valdés."

From the foregoing decision Ruperta Concepción Aguilar took an appeal in cassation for error of law, and the record having been forwarded to this Supreme Court, the appeal was conducted in conformity with the act of the Legislative Assembly of March 12, 1903. The record having been submitted to the parties for examination, a day was set for the hearing, at which arguments in support of their respective contentions were presented by counsel for both litigants.

Abogado del apelante: *Sr. Guzmán Benítez* (Juan).

Abogado del apelado: *Sr. Texidor.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando*: los fundamentos de hecho de la sentencia recurrida, y

*Considerando*: que se trata, en primer término, de un legado de cantidad, exigible únicamente cuando se cumpla la condición impuesta por el testador.

*Considerando*: que dicha condición no se hizo depender del hecho de que el menor arribase á una edad determinada, sino que, según la voluntad del testador, expresada en su testamento, se hizo depender del día en que el legatario fuese capaz para todos los actos de la vida civil, y como esa capacidad la obtuvo después de cumplir los veinte y un años, según la Orden General, número 219, de 18 de Diciembre de 1899, claro es que se cumplió la condición impuesta, y pudo entonces reclamar el legatario la cantidad demostrativa del legado, y por haber éste fallecido, siendo menor de edad, su heredera, que es su madre Doña Ruperta Concepción Aguilar, según lo proveyó el mismo testamento.

*Considerando*: que no se atribuye efecto retroactivo á la Orden General, No. 219, ya citada, cuando el derecho que se invoca, según ella, se origina en hechos realizados con posterioridad al día en que empezó á regir, y en el caso de que se trata es evidente que el de reclamación del legado pretendido por la madre del menor fallecido, nació exclusivamente en el momento en que éste fué mayor de edad, puesto que tal hecho es el único que determina el cumplimiento de la obligación que expontaneamente contrajo el heredero instituido, al aceptar pura y simplemente la herencia de su padre, Don Rafael Vazquez y Vazquez, de donde se infiere que no se ha infringido el Artículo 3º. del Código Civil, ni la regla 1ª. de las transitorias del citado texto:

*Considerando*: que la reconvención formulada por el de-

*Mr. Guzmán Benítez (Juan),* for appellant.

*Mr. Texidor,* for respondent.

MR. JUSTICE HERNÁNDEZ, after making the above statement of facts, delivered the opinion of the court.

The findings of fact of the judgment appealed from are accepted.

The issue deals in the first place with the legacy of a sum of money recoverable only when the condition imposed by the testator has been fulfilled.

Said condition was not made dependent on the circumstance of the minor's reaching a certain age, but by the testator's will, expressed in his testament, it was made to depend on the day when the legatee should be able to perform all the acts of civil life, and inasmuch as said capacity was attained upon his reaching the age of twenty-one years, pursuant to General Order No. 219, of December 18, 1899, it is evident that the condition imposed was fulfilled and the legatee could then have demanded the sum of money constituting the legacy, but as he died while still a minor, his mother, Ruperta Concepción Aguilar, becomes his heir, as provided in the will.

To the aforesaid General Order No. 219 no retroactive effect is attached when the right invoked, according thereto, originates in acts occuring subsequently to the day when it took effect, and in the case at issue it is evident that the right to the legacy claimed by the mother of the deceased minor originated only at the moment when the latter became of age, inasmuch as it is the only act which determines the fulfillment of the obligation voluntarily contracted by the instituted heir upon accepting purely and simply the inheritance from his father, Rafael Vázquez y Vázquez, and hence it follows that there has been no violation of article 3 of the Civil Code nor of rule 1 of the temporary provisions of said Code.

The counter-claim filed by the defendant undoubtedly con-

mandado adolece indudablemente de defecto legal en el modo de proponerla, que como excepción ha sido alegada por la parte actora, puesto que no se ajusta á lo que prescribe el Artículo 523 de la Ley de Enjuiciamiento Civil.

*Considerando* : que de la certificación expedida por el Tesorero de Puerto Rico, respecto á bienes declarados por Doña Concepción Aguilar, no aparece que esa señora declarara á su favor, para los efectos de la contribución, el crédito de 600 pesos mejicanos que reclama, por lo que dicho crédito no puede ser cobrado por acción legal, ó pleito, ante ninguno de los Tribunales de la Isla, sino hasta después de haber sido declarado y pagadas las contribuciones correspondientes al mismo, con arreglo á lo que previene el Artículo 301 del Código Político de Puerto Rico.

*Considerando* : que no desestimándose totalmente las pretensiones de las partes demandante y demandada, debe el Tribunal resolver en cuanto á las costas, con arreglo á equidad, según la regla 63 de la Orden General, No. 118, serie de 1899.

*Vistos* los textos legales que se dejan citados, los demás invocados por una y otra parte.

*Fallamos* : que confirmando, en lo conforme, y, revocando, en lo demás, la sentencia apelada, debemos condenar y condenamos á Don Edgardo Vazquez Aguilar á que pague á Doña Ruperta Concepción Aguilar la suma equivalente, en moneda americana, á los 8,000 pesos mejicanos, objeto del legado reclamado, con los intereses legales, á contar desde la fecha de la interposición de la demanda; y declaramos ésta sin lugar, en la parte relativa al cobro del crédito de 600 pesos mejicanos, como también la reconvención formulada por el demandado, con reserva á ambos de los derechos que les asistan, y que podrán ejercitar en el modo y forma correspondientes, entendiéndose las costas del juicio, y las del recurso, sin especial condenación, y con certificación de esta sentencia, devuélvanse los autos al Tribunal de Distrito de Humacao, á los fines procedentes.

tains the legal defect of not having been properly presented, as it fails to comply with the requirements prescribed by article 523 of the Law of Civil Procedure, for which reason it was excepted to by the plaintiff.

From the certificate issued by the Treasurer of Porto Rico with reference to the property listed for assessment by Concepción Aguilar, it does not appear that she had reported in her favor, for purposes of taxation, the credit of six hundred *pesos,* Mexican currency, which she claims, for which reason said credit is not recoverable by an action at law or suit before any court or courts of the Island until it has been properly listed and the taxes thereon paid, as provided by article 301 of the Political Code of Porto Rico.

The parties plaintiff and defendant not having lost their case on all points, the court should give an equitable decision in the matter of costs, according to rule 63 of General Order No. 118, series of 1899.

In view of the afore-mentioned legal texts and those cited by the parties hereto, it is adjudged that partly affirming and partly reversing the judgment appealed from, according as it agrees or disagrees with the above findings, we should adjudge and do adjudge that Edgardo Vázquez Aguilar pay Ruperta Concepción Aguilar a sum equivalent in United States currency to the eight thousand *pesos,* Mexican money, object of the legacy claimed, with legal interest thereon from the day the action was brought; and we dismiss said action as to the portion thereof which relates to the recovery of the credit of six hundred *pesos,* Mexican currency, as also the counter-claim filed by the defendant, reserving to both parties their respective rights in the premises, which they may exercise in the proper manner, the costs of both the trial and appeal not to be specially imposed upon the parties.

The record of the District Court of Humacao is ordered to be returned to said court, together with a certificate of this decision, for proper action.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociado MacLeary. ·

Jueces disidentes: Sres. Figueras y Sulzbacher.

---

*Opinión disidente de los Jueces Asociados Sres. Figueras y Sulzbacher·*

Los Jueces Asociados que suscriben están conformes con la siguiente resolución:

*Aceptan* los fundamentos de hecho de la sentencia recurrida, y los que se refieren á la sustanciación del recurso en esta Superioridad, y aceptan los fundamentos de derecho 1, 2, 3 y 4 de la sentencia que precede, y

*Considerando*: que para que la Sección 301 del Código Político pudiese interpretarse en el sentido en que lo hace el Tribunal de Humacao, y la mayoría de esta Corte Suprema, era necesario que la mera presentación del documento creditivo de deuda, ante los Tribunales de Justicia, aparejase, de modo ineludible, la orden inmediata de pago; pero esto no es así, dentro del orden del procedimiento, porque todo documento de deber, que se presenta está sujeto á las contingencias del debate que se plantea, á las manifestaciones del deudor, y á la prueba, hasta que se dicte la sentencia favorable al acreedor, y llegue el momento de su cobro, en la vía de apremio.

*Considerando*: que la presentación del documento y de la demanda no tienen otra significación que la comparecencia en juicio, sin que esto prejuzgue la pertinencia de lo que en ella se pide.

*Considerando*: que atendiendo á esas razones sin duda es que en la disposición que se analiza se usa el verbo cobrar (to recover) texto inglés, y no el verbo reclamar, que sería el adecuado y propio, si hubiese sido el propósito impedir el ejercicio, ante los Tribunales, de la acción civil correspon-

Chief Justice Quiñones and Justice MacLeary concurred. Justices Figueras and Sulzbacher dissented.

---

*Dissenting Opinion of Justices Figueras and Sulzbacher.*

The above-named justices concur in the following opinion:

They accept the findings of fact of the judgment appealed from, and those relating to the proceedings on appeal had in this court, and accept the first, second, third and fourth conclusions of law contained in the foregoing opinion.

In order to construe section 301 of the Political Code as has been done by the Humacao court and a majority of this Supreme Court, it would be necessary that the mere presentation before the courts of the document constituting the evidence of indebtedness should carry with it, unavoidably, an order for its immediate payment; but such is not the case within the order of procedure, because every document of indebtedness presented is subject to the contingencies of the discussion on the issue raised, to the statement of the debtor and to the evidence produced, until judgment is rendered in favor of the creditor and the moment arrives for the recovery thereof by compulsory process.

The presentation of the document and complaint has no signification other than an appearance in court, without thereby prejudicing the pertinency of the claim therein brought forward.

Having in mind these reasons, no doubt it was that in the provision here analyzed the verb "to recover" is used instead of "to claim," which would be the adequate and proper one had the purpose been to preclude the exercise before the court of the proper civil action, which, indeed, might

diente, cosa que á la verdad podría redundar en algun caso, en perjuicio irreparable para la parte, y en grave daño para las rentas del Tesoro.

*Considerando* : que no puede atribuirse á las leyes lo injusto, mientras haya una razón fundada para preservarlas esta mala nota, y esa fundada razón se encuentra en una interpretación que en nada agravie los intereses del Tesoro de Puerto Rico, ni lesione, tampoco, los derechos de las partes que tengan necesidad de acudir á la vía judicial para hacerlos verdaderamente efectivos :

*Considerando* : que para ser consecuente con la interpretación que se da á dicha Sección 301, en la anterior sentencia, ha debido declararse la nulidad de todo lo actuado, con las costas al Tribunal sentenciador, porque no parece justo, ni equitativo, sustanciar por todos sus trámites un pleito, con dispendios para la parte actora, para decirle luego, en la sentencia, que no tiene derecho á intentar la vía judicial para el cobro del documento que presenta.

*Considerando* : lo dispuesto en la regla 63 de la Orden General, No. 118, serie de 1899.

*Fallamos* : que revocando la sentencia apelada debemos condenar y condenamos á Don Edgardo Vazquez Aguilar á que pague á Doña Ruperta Concepción Aguilar la suma equivalente en moneda americana, á los 800 pesos mejicanos, objeto del legado reclamado, y los 600 pesos, también mejicanos, en igual forma, del depósito que igualmente se reclamó en la demanda, con los intereses legales á contar desde la fecha de la interposición de la misma, y declaramos sin lugar la reconvención formulada, entendiéndose que los 600 pesos del depósito, ó su equivalente, en moneda americana, no pueden hacerse efectivos, ó cobrarse por la vía de apremio hasta que no se cumpla con todo lo dispuesto en la Sección 301 del Código Político, siendo las costas de este juicio á cargo del demandado.

on occasions result in irreparable injury to the party, and in serious detriment to the revenues of the Treasury.

No injustice can be attributed to the laws, so long as there is good reason to preserve them from such a charge, and this good reason is found in an interpretation which does not cause any harm to the interests of the Treasury of Porto Rico, nor impair the rights of parties who are forced to resort to judicial proceedings in order to enforce them.

To be consistent with the interpretation given to aforesaid section 301 in the foregoing opinion, all the proceedings had should be declared null and void, with costs against the trial court, because it does not seem fair and equitable that a suit should be conducted through all the formalities, with the attending costs to the plaintiff, and then inform the latter, in a judgment, that he has no right to resort to judicial proceedings to recover the amount of the document presented.

In view of the provisions of rule 63 of General Order No. 118, series of 1899, we adjuge that, reversing the judgment appealed from, we should condemn and do condemn Edgardo Vázquez Aguilar to pay Ruperta Concepción Aguilar a sum equivalent, in United States currency, to the eight thousand *pesos,* Mexican money, object of the legacy claimed, and in the same manner the deposit of six hundred Mexican *pesos,* or the equivalent thereof in United States currency, likewise demanded in the complaint, together with the legal interest thereon from the day the action was instituted; and we declare that the counter-claim presented does not lie; it being understood that the six hundred *pesos* of the deposit, or the equivalent thereof in United States currency, cannot be recovered by compulsory process until all the provisions of section 301 of the Political Code shall have been complied with, the costs of these proceedings to be imposed upon the defendant.